# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3205
_____

United States of America

*Plaintiff - Appellee*

v.

Sotero Almazan

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: February 3, 2014
Filed: February 6, 2014
[Unpublished]
_____

Before BENTON, BOWMAN, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Sotero Almazan pled guilty to possessing with the intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii). Almazon directly appeals the sentence imposed by the district court.[1] Counsel has

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

filed a brief under *Anders v. California*, 386 U.S. 738 (1967), in which he argues that the court erred by finding that Almazan did not qualify for a mitigating-role adjustment under U.S.S.G. § 3B1.2, and imposed an unreasonable sentence by failing to give appropriate weight to mitigating factors. Counsel has moved to withdraw.

After careful review, this court holds the district court did not clearly err in finding that Almazan played more than a minor role in this offense. He admitted to police that he had knowledge of the cocaine hidden in a secret compartment in the vehicle he was driving, and that he and his accomplice anticipated receiving $1,000 each for transporting the cocaine. *See* U.S.S.G. § 3B1.2, comment. (n.3(A)) (decrease applies if defendant's part in offense makes him substantially less culpable than average participant); *United States v. Martinez*, 168 F.3d 1043, 1046, 1048 (8th Cir. 1999) (district court's finding regarding role defendant played is reviewed for clear error; affirming denial of mitigating-role reduction for drug courier who transported large quantity of methamphetamine hidden in secret compartment in trunk, as transporting drugs is necessary part of any illegal distribution scheme); *United States v. Gayekpar*, 678 F.3d 629, 639-40 (8th Cir. 2012) (defendant bears burden of proving that mitigating-role reduction is warranted; receiving compensation for participating in offense weighs against finding that defendant played minor role). The district court committed no procedural sentencing error. The sentence imposed was at the bottom of the correctly calculated Guidelines range, and was not substantively unreasonable. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (this court reviews sentences for abuse of discretion, and may apply presumption of reasonableness to within-Guidelines-range sentence; district court need not mechanically recite 18 U.S.C. § 3553(a) sentencing factors, so long as record is clear that it actually considered them).

This court has reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), and finds no nonfrivolous issues for appeal. The judgment is affirmed.

Allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. Counsel's motion to withdraw is denied without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

————————————————————